NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3440

MIGUEL A. VICENTE,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: March 9, 2005

_____

Before CLEVENGER, RADER, and DYK, Circuit Judges.

PER CURIAM.

Miguel A. Vicente seeks review of the final decision of the Merit Systems Protection Board ("Board"), affirming the decision of the Office of Personnel Management ("OPM") to decline reconsideration of an earlier OPM decision denying Mr. Vicente disability retirement pursuant to the Federal Employee's Retirement System. See Vicente v. OPM, No. CH844E040600-I-1 (M.S.P.B. Aug. 2, 2004). We affirm.

I

Mr. Vicente served as a letter carrier in the Lakeview Station in Chicago, Illinois. On June 30, 2003, Mr. Vicente applied for disability retirement based on his claim that he suffered from arthritis, depression, and back pain. On November 4, 2003, OPM

denied Mr. Vicente's application and informed him that he had the right to request reconsideration of its decision so long as OPM received the request within 30 days— i.e., by December 4, 2003. See 5 C.F.R. § 831.109(e)(1) (2004) ("A request for reconsideration must be received by OPM within 30 calendar days from the date of the original decision."). OPM did not receive Mr. Vicente's request for reconsideration until January 9, 2004.

On February 10, 2004, OPM informed Mr. Vicente of the regulatory criteria for waiving the 30-day limit applicable to requests for reconsideration and allowed him 30 days to present evidence that he was not notified of the 30-day limit and was not otherwise aware of it, or that he was prevented by circumstances beyond his control from making a timely request. See id. § 831.109(e)(2) (setting forth regulatory criteria for waiving the 30-day time period of section 831.109(e)(1)); Azarkhish v. Office of Pers. Mgmt., 915 F.2d 675, 677 (Fed. Cir. 1990) (noting that OPM has discretion to extend the time limit for filing a request for reconsideration, but only for the justifications set forth in section 831.109(e)(2)). Mr. Vicente did not respond. On April 13, 2004, OPM again informed Mr. Vicente of the regulatory criteria for waiver and allowed him additional time to respond. On April 27, 2004, Mr. Vicente responded with evidence that the Social Security Administration approved his application for disability benefits on November 24, 2003. On May 25, 2004, OPM denied Mr. Vicente's request for reconsideration as untimely.

II

On June 22, 2004, Mr. Vicente appealed OPM's reconsideration decision to the Board and received a hearing before the Administrative Judge ("AJ") to whom his case

was assigned. Mr. Vicente did not allege that OPM failed to notify him of the time limit; instead, he claims circumstances beyond his control, namely mental incapacity, prevented him from requesting reconsideration by December 4, 2003.

Mr. Vicente's wife, Marian Vicente, testified at the hearing that Mr. Vicente was in a car accident on October 29, 2003, and suffered injuries to his neck and back. Although Mrs. Vicente testified that Mr. Vicente's mental condition had deteriorated, she did not state why his mental condition prevented him from timely seeking reconsideration. Mr. Vicente himself did not testify or provide any medical documentation of his mental condition during the time period from November 4, 2003, the date upon which OPM denied his application for disability retirement, to January 9, 2004, the date that OPM finally received Mr. Vicente's request for reconsideration.

The AJ heard the evidence presented and concluded that Mr. Vicente had not established that he suffered from a condition that was beyond his control and that precluded him from filing a request for reconsideration within the applicable time limit. The AJ thus affirmed OPM's denial of Mr. Vicente's request for reconsideration. Because Mr. Vicente did not seek review from the full Board, the AJ's decision became final on September 6, 2004. Mr. Vicente now seeks review by this court of the Board's decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

III

We must affirm the final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 7703(c)(1) (2000). When the Board's final decision rests on findings of fact, those findings must be supported by substantial evidence. Id. § 7703(c)(3).

04-3440                                      3

We have reviewed the decision of the Board and the record submitted to this court. We agree with the Board's conclusion that Mr. Vicente did not establish that he suffered from a mental condition or was inhibited by any circumstance beyond his control that precluded him from filing with OPM a request for reconsideration within the timing mandate of section 831.109(e)(1). It was his burden to do so. See 5 CFR § 1201.56(a)(2) ("In appeals from reconsideration decisions of the Office of Personnel Management involving retirement benefits, if the appellant filed the application, the appellant has the burden of proving, by a preponderance of the evidence, entitlement to the benefits.").

Substantial evidence supports the fact-findings that underlie the Board's conclusion. Detecting no error of fact or law in the Board's decision, we affirm.